UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00186-FDW

| | |
|---|---|
| James T. HUTCHINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Carolyn W. COLVIN, ) | |
| *Acting Commissioner of Social Security,* ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 11). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits under 42 U.S.C. § 405(g) (2012). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and the Commissioner's decision is REMANDED to the administrative law judge ("ALJ") for further proceedings consistent with this decision.

**I.      Background**

The procedural history is not in dispute. On May 29, 2012, Plaintiff filed for Social Security disability insurance benefits, alleging a disability onset date of March 1, 2012. (Tr. 11). This claim was denied initially and upon reconsideration. Id. Plaintiff requested a hearing from an ALJ, which was held on March 7, 2014. Id. At step one of disability analysis, the ALJ determined that the claimant met insured status requirements and was not engaged in substantial gainful activity. (Tr. 13). At step two, the ALJ found several severe impairments: degenerative

1

disc disease ("DDD"), spinal stenosis, sciatica, esophagitis, spondylosis, facet anthropathy, and lumbago. Id. These impairments did not meet or equal the severity of listed impairments in step 3. Id. At step four, the ALJ found that Plaintiff could not perform any past relevant work, (Tr. 17), but had the residual functional capacity ("RFC") to "perform the full range of light work." (Tr. 14). Based on Plaintiff's age, education, work experience, and RFC, the ALJ concluded in step five that there were significant numbers of jobs that Plaintiff could perform. (Tr. 18). As a result, the ALJ found that Plaintiff was not disabled. Id. The Appeals Council denied Plaintiff's request for review. (Tr. 1–3).

Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). Plaintiff has three assignments of error in his supplemental brief. (Doc. No. 10, p. 2). Plaintiff contends that the ALJ erred by: 1) failing to perform a function-by-function analysis in determining Plaintiff's RFC, 2) incorrectly assessing Plaintiff's credibility of pain, and 3) giving insufficient weight to the opinion of the treating physician. Id. Plaintiff requests a remand to the ALJ to address these errors. Id. The parties' Motions are now ripe for disposition.

## II. Standard of Review

This Court's review of a final decision by the Commissioner is authorized pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). This Court's review is limited to 1) whether substantial evidence supports the Commissioner's decision and 2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.

2

2005). Even if the reviewing court would have come to a different conclusion, it must uphold the Commissioner's decision if the decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The substantial evidence standard is met if a reasonable mind can use the amount of evidence to support a conclusion. Craig, 76 F.3d at 589. The substantial evidence level rests somewhere above a mere scintilla of evidence but may be lower than a preponderance of the evidence. Id.

Remand is appropriate if the ALJ's analysis is extremely deficient and "frustrate[s] meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015); see also Monroe v. Colvin, No. 15-1098, slip op. (4th Cir. June 16, 2016). In Mascio, the ALJ's complete failure to explain how he arrived at conclusions regarding the plaintiff's RFC resulted in a remand. Id. The ALJ's lack of explanation in determining the plaintiff's credibility was also a reason for remand. Id. at 640. Furthermore, the ALJ is required to "explicitly indicate 'the weight given to all relevant evidence.'" Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (citation omitted); see also Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). When a reviewing court is "left to guess [at] how the ALJ arrived at his conclusions," remand is needed. Mascio, 780 F.3d at 636. The Court finds this to be the case here.

### III. Analysis

A. Function by function analysis

Plaintiff argues that the ALJ erred by not performing a function-by-function analysis to determine Plaintiff's RFC. (Doc. No. 10, p. 8–10). At the disability determination hearing, the ALJ found that Plaintiff was capable of "the full range of light work" without other restrictions. (Tr. 17). We recognize that Mascio does not function as a *per se* rule requiring remand whenever

3

a function-by-function analysis is not done. 780 F.3d at 636. However, in this case, it is extremely unclear how the ALJ determined Plaintiff's RFC. The only express discussion of Plaintiff's carrying capacity in the ALJ decision states:

> Dr. Mabe concluded that sitting, the claimant stated he could do for 15 minutes, walking he stated he usually does okay with walking, he just gets stiff and has problems if he remains in one position too long. Standing, he stated no more than 5 minutes, lifting and carrying, he states 20 pounds. [sic]

(Tr. 16). The Court notes that this paragraph is ambiguous as to whether the evidence was found by the doctor, or a recitation of Plaintiff's self-described limitations. Either way, this evidence is insufficient to conclude that Plaintiff was capable of the full range of light work. Light work, as defined in 20 C.F.R. § 404.1567, requires *frequent* lifting of objects up to 10 pounds, yet the ALJ's decision does not include any discussion as to the Plaintiff's ability to lift and carry for any frequency or duration of time. See 20 C.F.R. § 404.1567 ("To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.").

Furthermore, the ALJ needs to further explain how he determined that Plaintiff lacked limitations to his movement. Jobs that fall under light work may include "a good deal of walking or standing." Id. As the ALJ mentioned, Dr. David, a treating physician, found that Plaintiff had problems moving his back, and treatment was not effective for very long. (Tr. 15). According to the ALJ, Dr. Mabe observed that Plaintiff had difficulties moving despite showing good effort. However, the ALJ here does not attempt to explain the weight or reconcile this evidence in determining Plaintiff's RFC. See Murphy, 810 F.2d at 437; see also Radford, 734 F.3d at 295 (holding that an ALJ must explain his treatment of relevant evidence to allow for meaningful review).

4

The ALJ summarily concludes without explanation that "the evidence received at the hearing level shows that claimant is no more limited than determined by State agency consultants[.]" (Tr. 17). According to a recent opinion from the Fourth Circuit, an ALJ's failure to "'build an accurate and logical bridge from the evidence to his conclusion'" is grounds for remand. Monroe v. Colvin, No. 15-1098, slip op. at 29 (4th Cir. June 16, 2016). We find that the present ALJ's lack of analysis frustrates meaningful review and therefore must remand for further fact finding. Upon remand, the ALJ should conduct a function-by-function analysis of Plaintiff's limitations and adequately explain the evidence that supports his RFC determination.

B. Determination of Plaintiff's credibility

Plaintiff also contends that the ALJ erred in assessing the credibility of Plaintiff's claimed limitations from pain. To evaluate a claimant's limitations from pain and other symptoms, the ALJ must follow a two-step process. Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). "First, there must be objective medical evidence showing the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged." Id. (citing 20 C.F.R. § 416.929(a)). If the ALJ finds evidence of such a medical impairment, the ALJ then must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [claimant's] ability to work." 20 C.F.R. § 416.929(c)(1). The alleged functional limitations should be compared to other evidence on the record. Mascio, 780 F.3d at 639.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (Tr. 14). At the second step, the ALJ found "claimant's statements concerning the intensity, persistence and limiting effects . . . not entirely credible for the reasons explained in this decision." Id. The ALJ proceeds to restate Plaintiff's

5

extensive medical history in his decision, but does not make it clear how that evidence relates to Plaintiff's credibility. For example, the ALJ states that Dr. Mabe found that Plaintiff continued to suffer from pain, and was on pain medication. (Tr. 16). However, the ALJ does not further discuss how this evidence related to Plaintiff's claimed limitations. The ALJ's only further discussion of Plaintiff's credibility states, "the undersigned finds the evidence contained in the record does not support the claimant's allegations of totally incapacitating symptoms." (Tr. 17). A claimant does not have to be completely incapacitated to be ruled disabled. See 20 C.F.R. § 404.1505(a) ("The law defines disability as the inability to do any substantial gainful activity. . . ."). The Court finds that the ALJ did not adequately explain Plaintiff's credibility in a way to allow for meaningful review. Simply listing facts from the medical record, some of which appear to support Plaintiff's claimed limitations, is insufficient. Upon remand, the ALJ should explain why he did not find Plaintiff credible, supporting his determination using specific, articulated facts from the medical record.

Because of the insufficiencies of analysis in determining Plaintiff limitations, credibility and RFC, this Court declines to address the issue raised by Plaintiff on weight given to his treating physician at this time.

## IV. Conclusion

Accordingly, the Court does not find that the ALJ's determination of Plaintiff's RFC and credibility is adequately explained to allow for meaningful review.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and the case is

REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed: June 27, 2016

Frank D. Whitney
Chief United States District Judge